## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

## <u>UNIFORM PRETRIAL SCHEDULING ORDER</u>

_____

**TINA GRAB,**

      **vs.**              **Civ. Action No. 5:09-CV-1300 (GTS/GHL)**

**SYRACUSE EXECUTIVE AIR**
**SERVICE, INC.,** *et al.*

_____

      Counsel for all parties having reported on the status of this action as directed by the Court, and the Court having considered the positions of the respective counsel regarding a schedule for the progression of the case,

      **IT IS ORDERED** that

**(1)**    **THE DEADLINES SET IN THIS SCHEDULING ORDER SUPERSEDE THE DEADLINES SET FORTH IN FED. R. CIV. P. 26(a)(3) AND ARE FIRM AND WILL NOT BE EXTENDED, EVEN BY STIPULATION OF THE PARTIES, ABSENT GOOD CAUSE.** *See* **Fed. R. Civ. P. 16(b).**

**(2)**    <u>**VENUE MOTIONS**</u>**:** Venue motions are to be filed **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (b)(2) and are to be made returnable before the assigned Magistrate Judge.

**(3)**    <u>**JURISDICTION MOTIONS**</u>**:** Jurisdiction motions are to be <u>filed</u> **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (b)(1) (unless a party who is not an attorney is appearing pro se, in which case Local Rule 7.1 (b)(2) should be followed) and are to be made returnable before Judge Suddaby.

**(4)**    <u>**JOINDER OF PARTIES**</u>**:** Any application to join parties in this action shall be made on or before **<u>NOT APPLICABLE</u> .**

**(5)**    <u>**AMENDMENT OF PLEADINGS**</u>**:** Any application to amend any pleading in this action shall be made on or before **<u>NOT APPLICABLE</u> .**

**1**

**(6)**  **DISCOVERY**:

All discovery in this matter is to be **completed** on or before  **APRIL 19, 2011** . Discovery motions are to be **filed** on or before **MAY 3, 2011.**  Initial Rule 26 disclosures are to be completed on or before **APRIL 19, 2010.**  All Rule 33 and 34 requests are to be served by **APRIL 26, 2010**. Service of discovery requests must be made a sufficient number of days before this deadline to allow responses to be served before the cut-off.  Please refer to Local Rule 16.2 (Discovery Cut-Off).

**A status telephone conference is scheduled for JUNE 11, 2010, at 10:00 AM**; Attorney Bennett is responsible for initiating the call and should call the chambers of Magistrate Judge George H. Lowe at (315) 234-8618, a dedicated conference line which may not be used for other purposes. At the telephone conference counsel will be expected to report with specificity on the status of paper discovery and on the persons to be deposed and the dates for the depositions.

**Special procedures for management of expert witnesses:**
There will be binding disclosure of the identity of expert witnesses (including a curriculum vitae) as set forth below.

**(A)**  **Expert Reports:** With regard to experts who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony:

**(i)**  No later than **90 days prior to the discovery deadline** set in Paragraph (6) above, **PLAINTIFF(S)** shall identify any expert(s) and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**Note:** When a treating physician is expected to be called as a witness, he or she must also be identified in accordance with this rule.  The production of written reports prepared by a treating physician, pursuant to Fed. R. Civ. P. 26(a)(2)(B), is encouraged as an aid to settlement, but not required.  (*See* Notes of Advisory Committee on Rules 1993 Amendment.)

**(ii)**  No later than **45 days prior to the discovery deadline** set in

**2**

Paragraph (6) above, **DEFENDANT(S)** shall identify any expert(s) and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

(iii)    No later than **30 days prior to the discovery deadline** set in Paragraph (6) above, **ALL PARTIES** must identify all experts who will contradict or rebut evidence on the same subject matter identified by another party under Subparagraphs (6)(A)(i) and (ii) above and, unless waived, shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

(iv)    **No deposition of experts shall be taken until AFTER the exchange of the expert reports, UNLESS THE PARTIES AGREE.**

(v)    Motions to preclude expert witness testimony must be filed and served on or before the motion deadline as set forth in Paragraph (7) below.

**(B)**    <u>Failure to Comply:</u> The failure to comply with the deadlines set forth in Subparagraph (A) above may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f).

**(C)**    <u>Unavailability of Expert Witness:</u> In order to avoid the possibility of the unavailability of an expert witness at the time set for trial, counsel may preserve the testimony of such witness as outlined in Paragraph (11)(D)(i)(b) below for use at trial.  In the absence of same, the trial will proceed without such testimony.

**(7)**    <u>MOTIONS:</u> Other than those made under Paragraphs (2) and (3) above, motions are to be **filed on or before <u>JUNE 20, 2011</u> .**

**Note:  If no dispositive motion(s) are filed**, the motion filing deadline becomes the Trial Ready Date.  (*See* Trial Ready Date at Paragraph (8)(A) below.)  **If dispositive motion(s) are filed**, Judge Suddaby's Courtroom Clerk will contact counsel to schedule a pretrial conference.  (*See* Dispositive Motions at Paragraph (7)(B) below.)

3

**(A)** **Non-Dispositive Motions**: Non-dispositive motions (except venue motions–discussed in Paragraph (2) above–and motions for injunctive relief) shall **NOT** be filed until after a conference with the Magistrate Judge, which is to be arranged through the Courtroom Deputy Clerk assigned to the Magistrate Judge.  Before requesting such a conference to resolve discovery disputes, the parties must have complied with Local Rule 7.1 (d).

Non-dispositive motions, including discovery motions, shall be filed in accordance with Local Rule 7.1(b)(2) and, except for motions for injunctive relief, shall be made returnable before the assigned Magistrate Judge. Motions for injunctive relief shall be made returnable before Judge Suddaby unless the case has been referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(c) ("consent" jurisdiction).

**(B)** **Dispositive Motions**: Dispositive motions shall be filed in accordance with Local Rule 7.1(b) and shall be made returnable before Judge Suddaby, unless the case has been assigned to a Magistrate Judge on consent of the parties pursuant to 28 U.S.C. § 636(c).

**(8)** **TRIAL DATES**:

**(A)** **Trial Ready Date**:

**(i)** **When no dispositive motion is filed**, the motion filing deadline becomes the trial ready date.  The Court will issue a notice scheduling a Final Pretrial Conference and Trial Date. Counsel may contact Judge Suddaby's Courtroom Clerk, at any time, to request that a settlement conference or trial date be scheduled.

**(ii)** **When a dispositive motion is filed and the motion filing deadline has expired**, the case is marked trial ready upon issuance of the motion decision. Judge Suddaby's Courtroom Clerk will contact counsel after issuance of the Court's decision on the motion to schedule a pretrial conference.  Any request for an extension of the Rule 16 Uniform Pretrial Order deadline(s) will be addressed by Judge Suddaby at the time of the conference.

4

(iii) **When a dispositive motion is filed and the motion filing deadline HAS NOT expired**, the case will continue on the pretrial schedule previously set in the Rule 16 Uniform Pretrial Scheduling Order.  Any request for an extension of the Rule 16 Uniform Pretrial Order deadline should be addressed by the assigned Magistrate Judge.

(B)   <u>**Trial Date:**</u> It is anticipated that the trial will take approximately   7-10   day(s) to complete. This is a   **JURY**   trial.

**Note:** The unavailability of any witness, expert or otherwise, will not be grounds for a continuance.  To avoid a trial going forward without the testimony of an unavailable witness, counsel shall preserve the appropriate testimony, for trial, by written or video-taped deposition.

(9)   <u>**SETTLEMENT CONFERENCE:**</u> A settlement conference may be scheduled at the Court's direction or by the request of counsel AT ANY TIME. In addition to counsel, a representative of each party with **settlement authority must** attend the settlement conference OR be available by telephone.  **A PRETRIAL/SETTLEMENT CONFERENCE STATEMENT FORM IS ATTACHED AND MUST BE SUBMITTED TO THE COURTROOM CLERK'S ATTENTION** *ONE WEEK* **PRIOR TO THE SCHEDULED CONFERENCE** by email at <u>Lori_Welch@nynd.uscourts.gov.</u> Counsel are directed **NOT** to serve the settlement statement on opposing counsel.

(10)   <u>**ASSESSMENT OF JUROR COSTS:**</u> The parties are advised that pursuant to Local Rule 47.3, whenever any civil action scheduled for a jury trial is postponed, settled, or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including Marshal's fees, mileage, and per diem, shall be assessed against the parties and/or their counsel as directed by the Court, unless the Court and the Clerk's Office are notified at least one full business day prior to the day on which the action is scheduled for trial in time to advise the jurors that it will be unnecessary for them to attend.

(11)   <u>**PRETRIAL SUBMISSIONS:**</u>

(A)   <u>**Non-Jury Trials: One week before the Final Pretrial Conference date,**</u> counsel shall file the following documents electronically with the Clerk's Office, ***with a copy served upon opposing counsel***:

**5**

- Joint Pretrial Stipulation (*see* Subparagraph (C) below);
- Prepared Findings of Fact and Conclusions of Law;
- Witness List (*see* Subparagraph (D)(i) below);
- Exhibit Lists (*see* Subparagraph (E)(i) below);
- Trial Brief concerning evidentiary issues (*see* Subparagraph (H) below);
- All Depositions (including video-taped depositions) to be used at trial (*see* Subparagraph (G) below); and
- Motions in Limine (*see* Subparagraph (F) below).

**(B)**   **Jury Trials**:  **One week before the Final Pretrial Conference** date, counsel shall file the following documents electronically with the Clerk's Office*, with a copy served upon opposing counsel*:

- Joint Pretrial Stipulation (*see* Subparagraph (C) below);
- Court Ordered Voir Dire (*see* Attachment # 1);
- Proposed Voir Dire;
- Witness Lists (*see* Subparagraph (D)(i) below);
- Exhibit Lists (*see* Subparagraph (E)(i) below);
- Trial Brief (*see* Subparagraph (H) below);
- Requests to Charge, including proposed Special Verdict Questionnaire (*see* Subparagraph (I) below);
- All depositions (including video-taped depositions) to be used at trial (*see* Subparagraph (G) below); and
- Motions in Limine (*see* Subparagraph (F) below).

**(C)**   **Joint Pretrial Stipulations:** A joint pretrial stipulation shall be subscribed by counsel for all parties, shall be filed with the Clerk's Office, and shall contain:

**(i)**   The basis of federal jurisdiction;

**(ii)**   A list of all exhibits that can be stipulated into evidence or that will be offered without objection as to foundation; and

**(iii)**   Relevant (1) facts not in dispute, (2) facts in dispute, and (3) issues of law to be considered and applied by the Court.

**(D)**   **Witnesses:**

**(i)**   **One week before the Final Pretrial Conference date**, counsel shall file electronically with the Clerk's Office, with a copy to opposing counsel, the following information regarding the witnesses that may be called to testify at trial other than

**6**

solely for impeachment purposes.

**(a)**    The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, as well as a brief summary of the testimony to be offered by each witness.

**(b)**    The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered.

**(ii)**    The unavailability of any witness, expert, or otherwise, will not be grounds for a continuance.  In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial ready date by written or video-taped deposition for possible use at trial.  (Please refer to the attached instruction sheet for the use of video-taped depositions.)  **NOTE: Pursuant to Paragraph (8)(A) above, the dispositive motion deadline may be converted to the trial date if no dispositive motions are filed.**

**(E)**    **Exhibits:** All exhibits shall be marked for identification in the manner prescribed below prior to the filing of the trial briefs.  A complete set of copies of the exhibits shall be presented to Judge Suddaby's Courtroom Clerk at the beginning of the trial.

The exhibits shall have been inspected by the opposing party and copied at their expense (unless waived), **NO LATER THAN ONE WEEK PRIOR TO THE FINAL PRETRIAL CONFERENCE DATE.** All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to, documents, photographs, charts, diagrams, etc., shall be assembled in **BINDERS** with each document properly marked at the lower right corner for identification purposes as directed below.  Counsel shall provide a separate binder with a complete set of exhibits for the Court, to each opposing counsel and one for the jury, if it is a jury trial. In voluminous cases, consult with Judge Suddaby's Courtroom

Clerk for the proper procedure to follow.

**NOTE**: **During the course of trial the Courtroom Clerk shall take charge of exhibits which are** **received into evidence.** **At the conclusion of the trial, the Courtroom Clerk will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal.**

(i)     **Exhibit Lists**: **One week before the Final Pretrial Conference date,** counsel shall file electronically with the Clerk's Office, with a copy to opposing counsel, an Exhibit List. The exhibits shall be listed on the form prescribed by the Court, a copy of which is attached to this Order.  Counsel are to supply all the requested information with the exception of the two "Date Boxes" which should remain blank.

(ii)    **Exhibit Markers:** Counsel shall fill in the appropriate markers leaving the "File" and "Deputy Clerk" lines blank.  All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government (U.S. Attorney).

Plaintiff's exhibits should be denoted as: P-l, P-2, P-3, etc. Defendant's exhibits should be denoted as: D-l, D-2, D-3, etc. Government's exhibits should be denoted as: G-l, G-2, G-3, etc.  In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit.  If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit.  Each exhibit shall also have an exhibit number in the upper right hand corner of the exhibit (P-l, P-2, etc. or D-l, D-2, etc.).

(F)    **Motions In Limine**: **One week before the Final Pretrial Conference** date, counsel shall file electronically with the Clerk's Office, with a copy to opposing counsel, any motions in limine, citing the applicable rules of evidence and case law.  Counsel shall file any response to a Motion In Limine no later than **three days before the Final Pretrial Conference date**.  **MOTIONS IN LIMINE MAY NOT**

8

**OTHERWISE BE FILED WITHOUT LEAVE OF THE COURT.**

**(G)**   **DEPOSITIONS**: **One week before the Final Pretrial Conference date** counsel shall submit to the Clerk, who will forward to the Judge's chambers, depositions to be used in trial that are in dispute (including video-taped/DVD depositions).  Please note that these depositions will be lodged with the court, and returned to counsel at the conclusion of trial.  To the extent possible, objections <u>are to be resolved between the parties</u>.  Areas of unresolved disagreement shall be presented to the Court for ruling at the Final Pretrial Conference.  All other depositions, including video-taped/DVD depositions, shall be brought to Court on the day of trial.  <u>Counsel shall provide the Court with an additional copy of all video-taped/DVD deposition testimony on the day of trial for filing.</u> (Please see attached instruction sheet for use of video-taped/DVD depositions)

**(H)**   <u>**Trial Briefs:**</u> **One week before the Final Pretrial Conference date**, counsel shall file electronically with the Clerk's Office, with a copy to opposing counsel, a trial brief containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law.  Trial briefs should also include any evidentiary issues that are expected to arise.

**(I)**   <u>**Requests to Charge**</u>: **One week before the Final Pretrial Conference date**, counsel shall file electronically with the Clerk's Office a request to charge and a proposed Special Verdict Questionnaire, with a copy to opposing counsel, and email a copy of same in WordPerfect format to Judge Suddaby's Courtroom Clerk at <u>Lori_Welch@nynd.uscourts.gov</u>.  The request to charge need only include instructions that are specific to the law in this case regarding liability, damages, and any unusual issues.  The court has the usual boilerplate charge.

**(J)**   <u>**Alternative Dispute Resolution**</u>:

   **This action has been:**    **designated for participation in the district's ADR program**

**The court has discussed the available ADR options with the parties and they have elected to participate in:   Mediation.**

**Within 10 days of the issuance of this Order**, the parties are directed to confer and select a neutral of their choice from a list of Court approved neutrals. This list can be found on the Court's web page at http://www.nynd.uscourts.gov/adr.htm.   The parties shall contact the agreed upon neutral, ensure that the neutral does not have a conflict with any of the parties in the case and schedule a time to conduct the proceeding.

After the parties have selected a neutral, they are directed to execute a stipulation setting forth the name of the agreed upon neutral and file the stipulation with the Court's ADR Administrator.   A form stipulation selecting a neutral can be found at the Court's web page at http://www.nynd.uscourts.gov/pdf/adr/adrstip.pdf.

The stipulation should be forwarded to:
> Suzanne Gunter – ADR Administrator
> U.S. District Court for the Northern District of New York
> James T. Foley U.S. Courthouse
> 445 Broadway, Room 509
> Albany, NY 12207-2936

If the parties cannot agree on a neutral, they are directed to contact the ADR Administrator who will appoint one from the list of Court approved neutrals.  The ADR Administrator can be reached at 518-257-1807.  Failure to select a neutral or contact the ADR Administrator within the time allotted may result in disciplinary action.

**The parties are directed to complete their ADR program by  MAY 3, 2011  .**

Dated:        **March 23, 2010**
              **Syracuse, New York**

George H. Lowe
United States Magistrate Judge

**10**

COURT ORDERED VOIR DIRE
TO BE USED BY THE JUDGE AT TRIAL

CASE TITLE:
CIVIL ACTION NO.:
ASSIGNED DISTRICT JUDGE OR MAGISTRATE JUDGE:

ATTACHMENT # 1

Each attorney is required to submit the following information on behalf of his/her client for use by the Court during Voir Dire and must be filed with the Court one week in advance of the trial ready date.

NAMES AND ADDRESSES OF ALL PARTIES TO THE LAWSUIT:

(use additional page if necessary)

YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.

(use additional page if necessary)

SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES
TO BE CALLED.

(use additional page if necessary)

SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT
WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF
THEIR AREAS OF EXPERTISE.

(use additional page if necessary)

**12**

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF ACTION IN THE COMPLAINT.

(use additional page if necessary)

SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY COUNTERCLAIMS RAISED IN THE ANSWER.

(use additional page if necessary)

--------------------------------

PLEASE TAKE NOTICE that any delay in jury selection occasioned by the failure to provide this information which causes a one (1) day or more postponement of this trial, appropriate monetary sanctions may be imposed by the Court.

Submitted by:
Date:

**13**

FINAL PRETRIAL ORDER  -  CONTINUED...

## INSTRUCTIONS FOR THE USE OF VIDEO TAPED DEPOSITIONS

COUNSEL ARE TO VIEW ALL VIDEOTAPES WHICH MAY BE OFFERED INTO EVIDENCE AT THE TIME OF TRIAL. ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE DATE COUNSEL SHALL SUBMIT TO THE CLERK, WHO WILL FORWARD TO THE JUDGE'S CHAMBERS, DEPOSITIONS TO BE USED IN TRIAL THAT ARE IN DISPUTE (INCLUDING VIDEO-TAPED/DVD DEPOSITIONS). PLEASE NOTE THAT THESE DEPOSITIONS WILL BE LODGED WITH THE COURT, AND RETURNED TO COUNSEL AT THE CONCLUSION OF TRIAL. TO THE EXTENT POSSIBLE, OBJECTIONS ARE TO BE RESOLVED BETWEEN THE PARTIES. AREAS OF UNRESOLVED DISAGREEMENT SHALL BE PRESENTED TO THE COURT FOR RULING AT THE FINAL PRETRIAL CONFERENCE. ALL OTHER DEPOSITIONS, INCLUDING VIDEO-TAPED/DVD DEPOSITIONS, SHALL BE BROUGHT TO COURT ON THE DAY OF TRIAL. COUNSEL SHALL PROVIDE THE COURT WITH AN ADDITIONAL COPY OF ALL VIDEO-TAPED/DVD DEPOSITION TESTIMONY ON THE DAY OF TRIAL FOR FILING.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE CLERKS OFFICE HAS AVAILABLE A VHS FORMAT VIDEO CASSETTE PLAYER, DVD PLAYER AND TELEVISION FOR USE AT TRIAL.  PLEASE BE ADVISED THAT YOU MUST PROVIDE A PERSON TO RUN THE EQUIPMENT DURING THE COURSE OF THE TRIAL.  ADDITIONAL COURTROOM TECHNOLOGY INFORMATION MAY BE OBTAINED ON THE COURT'S WEBPAGE WWW.NYND.USCOURTS.GOV

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## ELECTRONIC VISUAL EVIDENCE PRESENTER

IN ADDITION TO THE VIDEO EQUIPMENT NOTED ABOVE, THE COURT HAS AVAILABLE A VISUAL EVIDENCE PRESENTER WHICH WILL ALLOW COUNSEL TO DISPLAY PHOTOS (NEGATIVES OR POSITIVES), DOCUMENTS, X-RAYS, AND 3-D OBJECTS , WITHOUT WIRES,  ON TELEVISIONS PLACED THROUGHOUT THE COURTROOM.  THIS EQUIPMENT IS AVAILABLE AT THE COURTHOUSES IN ALBANY, SYRACUSE, UTICA AND BINGHAMTON.   USE OF THE VISUAL PRESENTER MAY BE REQUIRED BY THE TRIAL JUDGE PRESIDING OVER YOUR CASE.  FOR FURTHER INFORMATION ON THE USE OF THIS EQUIPMENT, PLEASE CONTACT THE COURTROOM DEPUTY CLERK FOR THE ASSIGNED TRIAL JUDGE.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>PLAINTIFF EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br><br>CASE NO. _____<br>DEFENDANT EXHIBIT NO. _____<br>DATE ENTERED _____<br><br>LAWRENCE K. BAERMAN, CLERK<br>BY: _____<br>DEPUTY CLERK |

**15**

Page 1 of ___

## United States District Court
## For The Northern District Of New York

Case No. _____

Date: _____

Presiding Judge: _____

( ) Plaintiff                              ( ) Defendant                              ( ) Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Exhibits Returned To Counsel (Date):_____

Signature:_____

Page ___ of ___

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Exhibits Returned To Counsel (Date):_____
Signature:_____

# PRETRIAL & SETTLEMENT CONFERENCE STATEMENT
# ( NOT FOR PUBLIC VIEW )

## ** THIS DOCUMENT WILL BE <u>PROVIDED TO</u> THE CLERK AND NOT FILED IN ACCORDANCE WITH L.R. 5.7

**CASE NAME:** _____vs._____

**ACTION NO.:** _____

**ASSIGNED DISTRICT JUDGE:** _____

**ASSIGNED MAGISTRATE JUDGE:** _____

Each Attorney is required to submit the following information on behalf of his or her client in short, concise form, in order to present a brief overview of the facts of the case.  This information will be used by the Court during the scheduled final pretrial/settlement conference and therefore **must be provided to the Court five (5) days in advance of the conference date.**

**PARTY/PARTIES REPRESENTED;**

_____

_____

_____

_____
(use additional page if necessary)

**A BRIEF PERSONAL HISTORY REGARDING YOUR CLIENT(S);**

_____

_____

_____

_____
(use additional page if necessary)

i

**A BRIEF STATEMENT OF THE FACTS OF THE CASE;**

_____

_____

_____

_____

(use additional page if necessary)

**A BRIEF STATEMENT OF THE CLAIMS AND DEFENSES, i.e., STATUTORY OR OTHER GROUNDS UPON WHICH THE CLAIMS ARE FOUND; AND EVALUATION OF THE PARTIES' LIKELIHOOD OF PREVAILING ON THE CLAIMS AND DEFENSES; AND A DESCRIPTION OF THE MAJOR ISSUES IN DISPUTE; SET FORTH ANY DEMANDS OR OFFERS FOR SETTLEMENT**

_____

_____

_____

_____

(use additional page if necessary)

**A SUMMARY OF THE PROCEEDINGS TO DATE;**

_____

_____

_____

_____

(use additional page if necessary)

ii

**AN ESTIMATE OF THE COST AND TIME TO BE EXPENDED FOR FURTHER DISCOVERY, PRETRIAL AND TRIAL;**

_____

_____

_____

(use additional page if necessary)

**A BRIEF STATEMENT OF THE FACTS AND ISSUES UPON WHICH THE PARTIES AGREE;**

_____

_____

_____

_____

(use additional page if necessary)

**ANY DISCREET ISSUES WHICH, IF RESOLVED, WOULD AID IN THE DISPOSITION OF THE CASE;**

_____

_____

_____

_____

(use additional page if necessary)

**THE RELIEF SOUGHT;**

_____

_____

_____

(use additional page if necessary)

**THE PARTIES' POSITION ON SETTLEMENT, INCLUDING PRESENT DEMANDS AND OFFERS, THE HISTORY OF PAST SETTLEMENT DISCUSSIONS, OFFERS AND DEMANDS;**

_____

_____

_____

(use additional page if necessary)

**PREFERRED TRIAL LOCATION, APPROXIMATE LENGTH OF TRIAL, AND WHETHER TRIAL IS JURY OR NON-JURY;**

_____

_____

_____

_____

(use additional page if necessary)

The Court requires that each party be represented at each pretrial conference by an attorney who has the authority to bind that party regarding all matters identified by the Court for discussion at the conference and all reasonably related matters including settlement authority.

Copies of the settlement statement shall be served upon the other parties at the time the statement is provided to the Court. This document will not be filed and will not be made available for public view.

Should the case be settled in advance of the pretrial/settlement conference date, counsel are required to notify the court immediately.  Failure to do so could subject counsel for all parties to sanctions.

Signature of Counsel:  _____

Dated:  _____

iv

✎AO 85 (Rev. 8/98)  Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

_____  District of  _____

|                          |                                                                      |
|--------------------------|----------------------------------------------------------------------|
| Plaintiff<br>V.<br><br>Defendant | NOTICE, CONSENT, AND ORDER OF<br>EXERCISE OF JURISDICTION BY A UNITED<br>MAGISTRATE JUDGE<br><br>Case |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment.  Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.  If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|-------------------|------------|------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE
V

IT IS ORDERED that this case be _____

United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____     _____

Date                                              United States District Judge

NOTE:   RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED

<u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

**vi**